## HALEY BROOKS v. STATE.

No. A-4104. Opinion Filed Aug. 31, 1923.

(217 Pac. 901.)

(Syllabus.)

**New Trial—Overruling Motion Held not Abuse of Discretion.** There was no abuse of judicial discretion shown in the overruling of a motion for a new trial under the showing made, attempting to show that the accused was coerced to enter a plea of guilty.

Appeal from District Court, Comanche County; A. S. Wells, Judge.

Haley Brooks was convicted of grand larceny, and he appeals. Affirmed.

C. R. Reeves, for plaintiff in error.

Geo. F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

BESSEY, J. This is an appeal from a judgment rendered upon a plea of guilty to a charge of grand larceny. The punishment was assessed at confinement in the state reformatory at Granite for a term of three years.

Plaintiff in error, Haley Brooks, after the rendition of this judgment, claimed that he was unduly influenced and coerced by the county attorney, sheriff, and deputy sheriffs to enter a plea of guilty. This claim was urged in a motion for a new trial and in arrest of judgment. The statute (section 2756, Comp. Stat. 1921) provides that a motion in arrest of judgment should be interposed before the rendition and entry of judgment. The motion in this case, however, was considered by the trial court as a motion for a new trial, and upon the question of whether or not the plaintiff in error was coerced and improperly influenced to enter his plea of guilty it was heard at length, upon affidavits and oral testimony.

Ordinarily the granting of a motion for a new trial lies in the discretion of the trial court. The testimony offered for the purpose of showing that there was undue influence in this case was not sufficient to overcome the presumption or impeach the declaration of the trial judge in the journal entry of judgment that the plaintiff in error—

"was asked by the court whether or not he has any just cause to show why judgment and sentence for said crime should not be pronounced against him, and, the defendant failing to show any just cause, the court accepts said defendant's plea of guilty as charged in said information, and finds the defendant guilty as charged therein."

It further appears in the record:

"The court advised the defendant of the status of his case under his plea of guilty as entered, and the defendant being satisfied with said plea," etc.

The testimony of witnesses confirms the record, to the effect that the plaintiff in error was not coerced to enter a plea of guilty. Under these circumstances, the overruling of the motion for a new trial was proper. We hold that the information was sufficient to support the verdict of guilty of grand larceny.

The judgment of the trial court is therefore affirmed.

MATSON, P. J., concurs.

DOYLE, J., absent and not participating.